**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALONZO ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-cv-10421 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS DUSTIN SMITH, Star #17169, and DAISY PALMA-SUAREZ, Star # 13420. | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, ALONZO ANDREWS, through his attorney, Jared S. Kosoglad, and complaining of the defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS DUSTIN SMITH, Star #17169, and DAISY PALMA-SUAREZ, Star #13420, states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against the defendants for committing acts under color of law and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF Alonzo Andrews is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. DEFENDANTS CHICAGO POLICE OFFICERS DUSTIN SMITH, Star #17169, and DAISY PALMA-SUAREZ, Star #13420, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

5. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the individual Defendants.

## FACTS

6. On April 19, 2025, Plaintiff Alonzo Andrews parked his vehicle in a private parking lot near 399 W. North Avenue in Chicago, Illinois.

7. Plaintiff was then employed as an armed security guard and had a valid CCL and FOID card.

8. Plaintiff Andrews exited his vehicle, when he was approached by the defendant officers.

9. Without probable cause or any other lawful basis, the Defendant Officers conducted a search of Plaintiff's vehicle and person.

10. Defendant Officers learned that Plaintiff had a valid license to carry a concealed weapon and a valid Firearm Owner's Identification Card.

11. During the unlawful search of Plaintiff's vehicle and its contents, Defendants found firearms.

12. Without probable cause or any other lawful basis, Defendants caused Plaintiff to be charged with two counts of his failure to disclose his firearms.

13. During Plaintiff's criminal case, he filed a motion to suppress evidence based on the unlawful search of Plaintiff's vehicle.

14. Video of Plaintiff's arrest and related circumstances were obtained and produced to Mr. Andrews by prosecutors.

15. On the date of the hearing on Plaintiff's motion, Defendant Smith failed to appear, while Defendant Palma-Suarez did appear. After reviewing Defendants' official police reports, videos of Plaintiff's stop and arrest, and interviewing Defendant Palma-Suarez, prosecutors believed that the Defendants conducted an unlawful search and had significant credibility problems.

16. As a result, prosecutors dismissed the case against Plaintiff in a manner indicative of his innocence.

17. The judge denied Plaintiff's request to have his firearms returned because of the prosecutors' standard practice of objecting thereto.

18. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including the loss of his freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, lost property, lost employment, and emotional and psychological distress.

**COUNT I: 42 U.S.C. § 1983 – Unlawful Search and Seizure**
**Against Individual Defendants**

19. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

20. The actions of Defendants, described above, knowingly caused Plaintiff to be subject to unreasonable searches and seizures in violation of the Fourth Amendment of the United States Constitution.

21. As a direct and proximate result of this Constitutional violation, Plaintiff was caused to suffer injury, as more fully alleged in this Complaint.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT II: 745 ILCS 10/9-102 - Indemnification**
**Against Defendant City of Chicago**

22. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

23. Defendant City of Chicago is the employer of the individual Defendants.

24. The individual defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any Defendant be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys' fees and costs awarded.

**COUNT III: Illinois Malicious Prosecution**
**Against All Defendants**

25. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

26. By the actions detailed above, the individual defendants knowingly sought to and did in fact cause Plaintiff to be charged with offenses they knew he did not commit under circumstances the Defendants had lied about in their sworn police reports.

27. Defendants did not tell the truth in their police reports in order to cover up their unlawful police actions.

28. Defendants initiated the charges against Plaintiff without probable cause or any other lawful basis.

29. Defendants caused the initiation of Plaintiff's criminal charges related to the firearms with malice.

30. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

31. As a direct and proximate result of the malicious prosecution, Plaintiff was caused to suffer injury, as more fully alleged in this Complaint.

WHEREFORE, Plaintiff demands judgment against the Individual Defendants for compensatory damages, punitive damages, and the costs of this action, and against the City of Chicago for compensatory damages and the costs of this action, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ALONZO ANDREWS

By: /s/ Jared S. Kosoglad________
One of Plaintiff's Attorneys

Jared S. Kosoglad
JARED S. KOSOGLAD, P.C.
111 N. Wabash #3166
Chicago, IL 60602
Tel: 312-513-6000
E: jared@jaredlaw.com